UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Elias Moshe,

    Plaintiff,

v.

Brooklyn Park Police Department,

    Defendant.

Civil No. 25-1514 (DWF/DTS)

**MEMORANDUM OPINION AND ORDER**

**INTRODUCTION**

This matter is before the Court on Plaintiff Elias Moshe's motions to alter or amend his complaint. (Doc. Nos. 15, 21, 22.) Defendant Brooklyn Park Police Department opposes the motions. (Doc. No. 27.) Defendant previously moved to dismiss Moshe's complaint. (Doc. No. 2.) For the reasons stated below, the Court grants Moshe's motions and denies Defendant's motion as moot.

**BACKGROUND**

Moshe sued Defendant in Minnesota state court for excessive force in violation of the Fourth Amendment under 42 U.S.C. § 1983. (*See* Doc. No. 1-1 at 3.) On April 16, 2025, Defendant removed this action to federal court and promptly filed a motion to dismiss. (Doc. Nos. 1, 2.) In that motion, Defendant argues that Moshe's complaint should be dismissed with prejudice because a police department is not a proper entity for suit. (Doc. No. 5 at 4.) Moshe filed a response in opposition and a motion to amend his complaint. (Doc. Nos. 10, 11.) Magistrate Judge David T. Schultz denied Moshe's

motion to amend because the Federal Rules of Civil Procedure allowed Moshe additional time to amend as a matter of course. (Doc. No. 14.)

About two weeks after that deadline passed, Moshe filed three different motions to alter or amend his complaint. (Doc. Nos. 15, 21, 22.) Across the three motions, Moshe essentially asks to amend his complaint so that he may add the City of Brooklyn Park as a defendant. Defendant opposes the amendment, arguing that it is futile because there is no underlying constitutional violation, the proposed amended complaint lacks sufficient facts to support a *Monell* claim, the City is entitled to vicarious official immunity on the additional tort claims, Minn. Stat. § 626.8475 does not provide a private cause of action, and Brooklyn Park Police Department is not a proper entity for suit. (Doc. No. 27.)

## DISCUSSION

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." A court may deny a motion to amend a complaint if the amendment would be futile. *Jackson v. Riebold*, 815 F.3d 1114, 1122 (8th Cir. 2016).

The crux of Defendant's argument for denying Moshe's motions is that his claims will fail anyway, so any amendment to add the proper party is futile. While Defendant's analysis of the viability of Moshe's claims may have some merit, denying Moshe's motion to amend will unnecessarily delay the ultimate resolution of this dispute. If the Court were to deny Moshe's motions to amend, the Court would then need to decide Defendant's motion to dismiss. The motion to dismiss asks for dismissal solely based on

Moshe's failure to plead a proper party. Defendant asks for such a dismissal with prejudice but provides no explanation as to why.

When granting a motion to dismiss for failure to state a claim, a court generally does so without prejudice "where there is no evidence of persistent pleading failures." *Holmseth v. City of East Grand Forks*, No. 14-cv-2970, 2015 WL 4488424, at *20 (D. Minn. July 23, 2015). Defendant has not demonstrated persistent pleading failures, so the Court would grant dismissal without prejudice. If that happened, Moshe would have the opportunity to file another complaint with the proper party and end up in the same position, but only after some delay and waste of judicial resources. Defendant did not bring a motion to dismiss based on the merits of Moshe's claims, so the Court would not consider those arguments when addressing the pending motion to dismiss.

This course of action would be a waste of time and judicial resources. The Court therefore finds that Moshe's amended complaint is not futile. The proposed amended complaint attached to Moshe's second motion to alter or amend (Doc. No. 21-1) contains the requested addition. Given Moshe's *pro se* status, the Court directs the Clerk of Court to file the proposed amended complaint (Doc. No. 21-1) as the amended complaint in this matter. The Court will also refer Moshe to the District's Pro Se Project which may be able to assist him in resolving this matter.

Lastly, because the Court grants Moshe's request to amend his complaint, Defendant's motion to dismiss his original complaint is moot.

**ORDER**

Based upon the foregoing and the record in this case, **IT IS HEREBY ORDERED** that:

1. Plaintiff Elias Moshe's motions to alter or amend his complaint (Doc. Nos. [15], [21], [22]) are **GRANTED**.

2. The Clerk of Court is directed to file the proposed amended complaint (Doc. No. [21-1]) as Moshe's amended complaint.

3. Moshe is referred to the District's Pro Se Project. A separate letter on this referral shall issue.

4. Defendant Brooklyn Park Police Department's motion to dismiss (Doc. No. [2]) is **DENIED AS MOOT**.

Dated:  June 11, 2025                               s/Donovan W. Frank
                                                                    DONOVAN W. FRANK
                                                                    United States District Judge